FILED

2019 DEC 13 ⅄ 7: 59

SUPERIOR COURT
OF GUAM

### IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM, MICHAEL J. B. BORJA, in his capacity as Director of Land Management,<br><br><br>Plaintiff,<br><br><br>AND<br><br><br>GUAM WATERWORKS AUTHORITY, a Guam Public Corporation,<br><br>Plaintiff-Intervenor,<br><br><br>vs.<br><br><br>CORE TECH INTERNATIONAL CORPORATION, YOUNEX ENTERPRISES CORPORATION,<br><br>Defendants. | Superior Court Case No. **CV1198-18**<br><br><br>**DECISION AND ORDER RE MOTION TO COMPEL** |

The Court here considers Plaintiff Government of Guam's Motion to Compel. Defendants did not file an opposition. Having reviewed the Government's arguments and the applicable law and procedural rules, the Court hereby GRANTS the Motion but DENIES its request for attorney's fees.

## ORIGINAL

## I.   FACTUAL AND PROCEDURAL HISTORY

The Government and Director of Land Management ("DLM") filed suit against Defendants Core Tech International Corporation and Younex Enterprises Corporation to cancel any Certificates of Title erroneously issued by DLM for lots allegedly owned by Defendants. Pet. Cancel and Amend Cert. Title (Dec. 17, 2018). The Court stayed all motions and discovery pending a mediation between the parties.[1] Order (May 21, 2019). On October 2, 2019, the Court lifted the stay after mediation failed. Minute Entry (Oct. 2, 2019). The Court also stated that Core Tech must file an opposition to the pending Motion to Compel (filed on May 8, 2019) on the regular motion schedule. Minute Entry (Oct. 2, 2019); CVR7.1(d) (28 days to file an opposition). On November 14, 2019, after receiving no opposition from Core Tech, the Court took the Motion to Compel under advisement without oral argument.[2]

The Government's motion asks the Court to compel Core Tech to disclose information "about [Core Tech's] relationship with Younex, the mortgage, the mortgage sale, the history of title, Core Tech's corporate documents and other pertinent records." Mot. Compel at 2 (May 8, 2019). The Government, however, failed to file a CVR 37.1 Stipulation.

## II.   LEGAL DISCUSSION

Under Guam Rule of Civil Procedure 34, a party may request to inspect and copy any documents or tangible things within the scope of Rule 26(b) and which "are in the possession, custody or control of the party upon whom the request is served." Rule 26(b) allows discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Finally, a party may move to compel disclosure under Rule 37(a) if the opposing party fails to respond to an original request or does not permit the requested inspection. GRCP 34(b).

---

[1] Defendant Younex Enterprises has not filed or appeared in this case.
[2] At no time did Core Tech seek leave to file an opposition beyond the 28 days.

ORIGINAL

Here, the Government alleges that Core Tech has not produced any documents despite stating it would produce at least some. Mot. Compel at 2. Because Core Tech failed to file an opposition within the timeframe prescribed by CVR 7.1(d)(1), the Court presumes it does not oppose the motion and that the Government's allegation concerning Core Tech's failure to disclose responsive documents is true.

However, aside from representing it would disclose certain documents and failing to do so, Core Tech's response to the Government's original request indicates that Core Tech objects to producing some of the Government's requested documents because Core Tech does not possess them, Mot. Compel, Ex. B, Reponse Nos. 2-5, 9-12, 14, or because the documents are not relevant to the case and will not lead to the discovery of admissible evidence, Mot. Compel, Ex. B, Nos. 1, 6-8, 13, 15.

Without more information about Core Tech's objections to certain requests, the Court cannot determine whether its relevancy and possession objections have merit. In reviewing the Government's Requests for Production, the Court finds the requests appear reasonably calculated to lead to the discovery of admissible evidence. GRCP 26(b)(1). Also, Core Tech need not physically possess certain documents to disclose them. "The phrase 'possession, custody or control' is in the disjunctive and only one of the numerated requirements need be met." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) (quoting *Cumis Ins. Society, Inc. v. South–Coast Bank*, 610 F.Supp. 193, 196 (N.D. Ind. 1985)). If Core Tech can obtain relevant documents that are not public information, Core Tech controls them and must disclose them. *Biben v. Card*, 119 F.R.D. 421, 425 (W.D. Mo. 1987) ("control" includes the "legal right of the producing party to obtain documents from other sources upon demand"). The Court therefore GRANTS the Government's request.

ORIGINAL

The Government also seeks attorney fees based on Core Tech's failure to respond to their reasonable discovery requests. Mot. Compel at 3. Under Rule 37(a)(4), the Court shall require the party whose conduct necessitated the motion to pay the movant's attorney fees, unless the Court finds that the movant did not first make a good faith effort to obtain the disclosure or discovery without court action, the opposing party's nondisclosure, response, or objection was substantially justified, or the award of expenses would be unjust. The Government has demonstrated that it attempted to garner a response to its discovery requests from Core Tech but only received a non-responsive answer. Mot. Compel at 2, Ex. B. Core Tech has not demonstrated that its failure to disclose the requested documents was substantially justified or that awarding the Government attorney fees would be unjust.

However, the Government failed to provide a critical document with its Motion: a CVR 37.1 Stipulation. That document and the efforts to reach a stipulation may have aided the parties in resolving or at least narrowing the contested issues. It also certainly would have helped the Court in understanding, even in a situation in which no opposition is filed, what issues remain. By failing to take this important step, the Government did not complete its obligation to resolve this discovery dispute prior to involving the Court. The Court must thererefore DENY its request for attorney fees.[3]

## III.  CONCLUSION

Based on the aforementioned reasons, the Court GRANTS the Government's Motion to Compel but DENIES its request for attorney's fees.  Core Tech must produce the requested discovery material within 14 days of this Decision and Order.

---

[3] CVR 37.1 authorizes the Court to deny a Motion to Compel outright when not accompanied by the stipulation. However, because no opposition was filed, seven months have elapsed since the motion was filed, and this case has an April 27, 2020 trial date, the Court elects to consider this Motion without the assistance of the CVR 37.1 Stipulation.

ORIGINAL

SO ORDERED this 12th day of December 2019.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the
original hereto was placed in the
court box of:

AG , K. CLARK

V. Leon Guerrero, V. Williams

Date: 12/13/19  Time: 8am

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
James Canto, Esq., Assistant Attorney General, Office of the Attorney General, for the
        Government of Guam and the Director of Land Management
Kelly Clark, Esq., Guam Waterworks Authority, and Vincent Leon Guerrero, Esq., Law Office of
        Vincent Leon Guerrero, for Guam Waterworks Authority
Vanessa L. Williams, Esq., Law Office of Vanessa L. Williams, for Core Tech International
        Corporation

ORIGINAL